UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL JAMES, JR.,<br><br>Petitioner,<br><br>v.<br><br>G. MATTESON, Warden,<br><br>Respondent. | Case No. 2:20-cv-00540-SVW-KES<br><br>ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED AS SUCCESSIVE |

## I.
## INTRODUCTION

In January 2020, Petitioner Nathaniel James, Jr. ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 [the "Petition"].) The Petition challenges Petitioner's 1983 conviction for first-degree murder for which he was sentenced to life without the possibility of parole. (Id. at 1.)

## II.
## FACTUAL BACKGROUND

The facts below are taken from the Ninth Circuit's published opinion discussing Petitioner's earlier § 2254 petition.

//

On December 4, 1981, petitioner cruised the Beverly Hills area in a stolen van, drinking alcohol, using drugs and stealing women's purses. The next day petitioner announced to his cohorts that he would show them "how to do a real robbery." Petitioner approached a parked car in which Lev and Rima Pikas were sitting. Petitioner was wearing a short-sleeved shirt. Pointing a gun at Lev Pikas, petitioner demanded money. He then shot both Lev and Rima Pikas. Lev Pikas gave petitioner two blood-stained $ 20 bills. Upon returning to the van, petitioner boasted to his cohorts that he had "shot the bitch in the temple." Petitioner then threw the gun out the van window; the gun was subsequently found by the police.

Within minutes after the shooting, the police stopped the van. Petitioner was the only person in the van wearing a short-sleeved shirt. The police found Rima Pikas's purse in the van. After petitioner's arrest, the police found two blood-stained bills inside his pocket. There was blood on petitioner's clothing. The blood on the bills and petitioner's clothing was Type A, the blood type of Lev Pikas. An eyewitness identified petitioner as the man who fired the gun. Rima Pikas died as a result of her injuries.

James v. Borg, 24 F.3d 20, 23 (9th Cir. 1994).

### III.
### PROCEDURAL HISTORY

The following explanation of relevant trial court and appellate proceedings also comes from the Ninth Circuit's opinion.

On February 5, 1982, an information was filed, alleging that petitioner committed a murder during the course of a robbery. Specifically, the information charged that appellant "did willfully and unlawfully and with malice aforethought murder Rima Pikas." The

2

information alleged that petitioner had been armed and that he had personally used the firearm. The information also charged petitioner with murder, attempted murder, and two robberies. The information did not allege that petitioner had intent to kill Rima Pikas.

On July 5, 1983, petitioner's trial began in state court. The prosecution tried its case on a felony murder theory. After the defense rested, the prosecution requested and received a jury instruction which included intent to kill as an element of the felony-murder special circumstance charge. Appellant did not object. On September 19, 1983, the jury convicted petitioner of first degree murder. The jury found that: (1) petitioner was armed; (2) petitioner murdered Rima Pikas during the commission of a robbery; (3) petitioner was the actual killer; and (4) petitioner acted with the intent to kill. Petitioner was sentenced to life without possibility of parole.

On appeal, petitioner raised three claims. He argued that: (1) his Sixth Amendment right to be informed of the nature and cause of the charge was violated because he was not given notice that intent to kill was a special circumstance element of murder in the course of a robbery; (2) his Sixth Amendment right to receive effective assistance of counsel at trial was denied; and (3) his Fifth Amendment right against self-incrimination was violated because the prosecutor commented in closing argument on petitioner's failure to submit to a psychiatric interview. The California Court of Appeal rejected petitioner's claims and affirmed his conviction. Petitioner then filed a petition for review with the California Supreme Court, again raising a Sixth Amendment notice claim. This petition was denied on December 19, 1985. Several years later, petitioner filed a second petition for review with the California Supreme Court, asserting an

| | |
|---|---|
| 1 | ineffective assistance of trial counsel claim. This second petition was |
| 2 | denied on March 27, 1991. |
| 3 | On June 12, 1991, petitioner filed pro se a habeas corpus |
| 4 | petition in federal district court [Central District of California case no. |
| 5 | 91-cv-3161]. He again raised the three claims he argued before the |
| 6 | California Court of Appeal. On May 27, 1992, a magistrate judge |
| 7 | issued a report and recommendation that the petition be denied and |
| 8 | the action be dismissed with prejudice. First, the magistrate saw no |
| 9 | violation of petitioner's Sixth Amendment right to be informed of the |
| 10 | nature and cause of the charge on the ground that intent to kill had |
| 11 | been omitted. Second, the magistrate found no ground for finding that |
| 12 | trial counsel was ineffective. Finally, the magistrate found no |
| 13 | violation of petitioner's Fifth Amendment right against self- |
| 14 | incrimination. On June 30, 1993, the district court entered an order |
| 15 | adopting the magistrate's report and recommendation. |
| 16 | On July 22, 1993, petitioner filed a timely notice of appeal. |
| 17 | The Ninth Circuit issued a certificate of probable cause and appointed |
| 18 | counsel for petitioner. |

James, 24 F.3d at 23-24.

The Ninth Circuit affirmed the judgment of the district court. Regarding Petitioner's Sixth Amendment claim, the Ninth Circuit ruled that under California law, "intent to kill was not an element of the felony-murder special circumstance" at the time when Petitioner shot Rima Pikas. (Id. at 26.)

## III.
## CLAIMS

Petitioner now raises a different Sixth Amendment claim. He alleges "Sixth Amendment error" because "the charging instrument fails to inform Petitioner of the nature and cause of the accusation." (Dkt. 1 at 11.) In the supporting facts, he

4

alleges that "California law requires prosecution of felonies are to be by mode of indictment or information," such that his prosecution via a felony complaint was unauthorized, and the California courts lacked jurisdiction to enter a judgment against him. (Id. at 14.) He further argues that the prosecutor violated California law by filing a complaint, and that the prosecutor's wrongdoing requires reversal of his conviction. (Id. at 20.) He contends that a void judgment can be attacked in any court at any time. (Id. at 23.)

## III.
## DISCUSSION

**A.** **Applicable Law.**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA applies to the instant Petition, even though Petitioner was convicted in the 1980s. Rowland v. Chappell, 876 F.3d 1174, 1182 (9th Cir. 2017).

AEDPA provides in relevant part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>         (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

> reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.</u>

28 U.S.C. § 2244(b) (emphasis added).

Thus, if a California petitioner wishes to file a second federal habeas petition based on new law or newly discovered facts, the petitioner must first ask the Ninth Circuit for permission to do so. Without such authorization, the District Court lacks jurisdiction to entertain the successive petition. <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003).

**B.      <u>Analysis.</u>**

Petitioner previously filed a § 2254 petition challenging his 1983 conviction. <u>See</u> <u>James v. Borg</u>, Central District of California case no. 2:91-cv-03161-WJR-CT. He filed another § 2254 petition several years later. <u>See</u> <u>James v. White</u>, Central District of California case no. 2:95-cv-08546-WJR-CT.

The Petition now pending appears to be a successive petition challenging the same conviction as one or both of Petitioner's prior federal habeas petitions. Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to filing the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction.

IT IS THEREFORE ORDERED that **on or before February 24, 2020**, Petitioner shall show cause in writing, if any he has, why the Petition should not be dismissed without prejudice as successive. Petitioner may respond to this order by (1) explaining why the instant Petition does not challenge the same conviction as

his two prior federal petitions, or (2) voluntarily dismissing the instant Petition and filing a request with the Ninth Circuit to file a successive § 2254 petition.

DATED: January 24, 2020

_____
KAREN E. SCOTT
United States Magistrate Judge